IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| EVER L. FAUST, | : |
| Claimant | : |
| v. | : CASE NO. 3:11-CV-98-CAR-MSH |
| | : Social Security Appeal |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Respondent. | : |

_____

### **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability insurance benefits and supplemental security income finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

### **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the claimant is working. *Id.* If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.      Whether the ALJ erred in improperly rejecting Claimant's subjective**

3

**allegations of pain.**

**II.     Whether the ALJ erred in failing to fully develop the record by not ordering a consultative examination of Claimant.**

**III.    Whether the Appeals Council erred in failing to remand the case.**

## Administrative Proceedings

Claimant applied for Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) on September 19, 2006, alleging disability as of June 15, 2006, due to heart, leg, back, and hand injuries as well as high blood pressure. (Tr. 120; ECF No. 9-6.) Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). The Claimant appeared before an ALJ for a hearing on July 9, 2009, and following the hearing, the ALJ issued an unfavorable decision on August 18, 2009. (Tr. 10-19.) The Appeals Council ultimately denied Claimant's Request for Review on June 15, 2011. (Tr. 1-4.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date. (Tr. 12.) The ALJ then found that Claimant had history of back and foot surgery, history of shunt placement, history of hernia repairs, obesity, chronic headaches, degenerative joint disease of the right knee, hypertension, arthritis of both knees and legs, and renal insufficiency, which were determined to be severe. (*Id.*) The ALJ then determined that Claimant's severe impairments did not meet or medically

4

equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 13.) The ALJ next found that Claimant had the residual functional capacity (RFC) to perform a limited range of light work. (Tr. 13.) The ALJ determined that Claimant could not perform her past relevant work, but that there were jobs that existed in significant numbers in the national economy that she could perform. (*Id.*) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

### I. Whether the ALJ erred in analyzing Claimant's subjective allegations of pain.

The first issue for determination in this case is whether the ALJ erred in analyzing Claimant's subjective allegations of pain, where Claimant contends she is unable to stand for long periods of time, had to elevate her legs due to swelling, and had both upper and lower extremity pain. (Cl.'s Br. 8, ECF No. 11.) Claimant further argues that the ALJ failed to fully comply with the "Pain Standard and Social Security Ruling 96-7p." (*Id.*)

Regarding credibility, Social Security Regulation 96-7p reads:

In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Furthermore, 20 C.F.R. § 416.929(a), in relevant part, states that:

5

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

Moreover, the mere existence of impairments does not establish disability; instead, the ALJ must determine how a claimant's impairments limit her ability to work. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

Regarding the "Pain Standard," the Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, she must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id*. (quotations and citations omitted).

Here, the ALJ specifically stated that he reviewed the entire record, ultimately concluding that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 17.) The ALJ found that Claimant's allegations of disabling pain were not consistent with her statements regarding her functional abilities. (*Id.*) The ALJ based these findings on the accounts of daily living as testified to by Claimant at the hearing where she was represented by counsel, as well as the absence of medical findings that would corroborate her allegations regarding the intensity, duration, and limiting effects of her impairments. (*Id.*)

Claimant argues that although the ALJ found her medically determinable impairments could reasonably be expected to cause her alleged symptoms, he failed to take the next step and properly consider her allegations of pain in accordance with the Pain Standard and SSR 96-7p. She contends that the ALJ "offered harsh condemnation of the Claimant's credibility without citing to any specific record reference to support his findings." (Cl.'s Br. 9.) A review of the ALJ's findings, however, reveals that he did, in fact, cite to medical records in analyzing her credibility. (Tr. 14-16.)

Applying the *Holt* "pain standard" test to this Claimant's pain allegations, it is found that the ALJ's determinations regarding Claimant's subjective allegations of pain were based on substantial evidence. Considering the statements recounted above, it is found that the ALJ sufficiently took into account the location, duration, frequency and intensity of Claimant's pain and other symptoms, as well as any precipitating and aggravating factors, when assessing her credibility. As such, the ALJ clearly articulated

explicit and adequate reasons for discrediting Claimant's credibility regarding her subjective allegations of pain, and no error is found.

## II. Whether the ALJ erred in failing to fully develop the record by not ordering a consultative examination of Claimant.

Claimant next argues that the ALJ erred in failing to order a consultative examination after rejecting the findings of agency reviewers and relying on emergency room evidence to determine her residual functional capacity. (Cl.'s Br. 11.)

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam). When a claimant is not represented by counsel and has not waived the right to counsel, the ALJ has a special duty to ensure that favorable as well as unfavorable facts and circumstances are elicited for review. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981); *see also Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982). In the instant action, the record demonstrates that Claimant was represented by counsel. Thus, the ALJ's duty was not a special duty. In order to be considered "full and fair," the record must be "sufficient for the ALJ to evaluate [the claimant's] impairments and functional ability" and must be devoid of "evidentiary gaps which result in unfairness or 'clear prejudice.'" *Id.* at 1422, 1423. The likelihood of unfair prejudice may arise when any evidentiary gap supports a claimant's allegations of disability. *Robinson v. Astrue*, 365 F. App'x 993, 999 (2010) (per curiam).

This fundamental obligation to develop a full and fair record may involve requiring a consultative examination of the claimant. *See Smith v. Bowen,* 792 F.2d

1547, 1551 (11th Cir. 1986); *Reeves v. Heckler,* 734 F.2d 519, 522 n.1 (11th Cir. 1984) (per curiam).  "Consultative examinations are not required by statute, but the regulations provide for them where warranted." *Smith*, 792 F.2d at 1551; 20 C.F.R. § 404.1517. Regulations provide that a consultative examination is usually required when:

> (1) The additional evidence needed is not contained in the records of your medical sources;
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or
> (5) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established.

20 C.F.R. § 404.1519a(b).  An ALJ may commit reversible error where he chooses not to order a consultative examination when such an examination is deemed necessary "to make an informed decision." *Reeves,* 734 F.2d at 522 n.1.

Here, the ALJ concluded that Claimant's impairments were severe but did not meet or medically equal the Listings.  (T-14-16).  If Claimant knew that the record did not contain sufficient documentation to support her contentions, Claimant should have supplemented the evidence in the record.[2]  Otherwise, it appears that the ALJ's findings were based on substantial evidence sufficient for the ALJ to make an informed decision, including Claimant's testimony at the hearing and medical evidence in the record.  The

---

2 Claimant did have a consultative examination performed by Dr. Schacher on May 19, 2010, more than ten months after the date of the hearing. (Tr. 216.)  The examination will be addressed in the subsequent claim of error.

ALJ discussed the physical impairments as alleged by Claimant and reported in her medical records and determined that Claimant was not as physically limited as she claimed. (Tr. 17).  Under the present circumstances, the ALJ was not required to order a consultative examination of the Claimant.  As such, no error is found in the ALJ's failure to order any further physical examinations of Claimant.

### III.     Whether the Appeals Council erred in failing to remand the case.

Lastly, Claimant argues that the Appeals Council erred in failing to remand this case based on new evidence of her impairments which was submitted after the hearing. (Cl.'s Br. 12.)   Specifically, Claimant argues that evidence from a consultative examination she completed on May 19, 2010, establishes not only that the ALJ should have ordered a consultative examination in her case, but that her impairments meet a relevant Listing. (Tr. 211.)

The Regulations state that the Appeals Council will review an ALJ's decision only when it determines, after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record.  20 C.F.R. § 404.970(b).  New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision.  *Id*.  In the case at bar, the Appeals Council received the new evidence and considered it, but determined that the evidence did not provide a basis for changing the final decision of the ALJ.

When the Appeals Council has denied review of new evidence properly presented, a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals

Council. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th Cir. 2007). If denial of benefits is erroneous, the decision of the Appeals Council is subject to modification, reversal or remand pursuant to sentence four of 42 U.S.C. § 405(g). *Id*. In this case, because new evidence was properly presented to the Appeals Counsel, consideration under sentence four is appropriate.

Here, the Appeals Council accepted new evidence in the form of a consultative examination completed by Dr. Stephen A. Schacher, M.D. on May 19, 2010.[3] (Tr. 215-16.) As stated above, the relevant period related to this claim is before the hearing decision, in this case, July 9, 2009. A review of the evidence at issue reveals that Claimant failed to show that she was indeed disabled during the relevant time period, i.e. at the time of the hearing. Of note is the lack of medical records from the time of the ALJ's decision until ten months later, when the consultative examination was completed. Given that the burden of proving disability is on the Plaintiff, as is noted in *Moore v. Barnhart,* 405 F.3d 1208 (11th Cir. 2005), the Appeals Council did not err in its decision to deny review of Claimant's case based on its consideration of the new evidence.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

---

3 Claimant was found to be disabled after submitting a new claim on February 10, 2010. (Tr. 208, 211.)

THIS the 24th day of April, 2012.

                                                    S/ STEPHEN HYLES
                                                    UNTED STATES MAGISTRATE JUDGE